IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMAC MORTGAGE, LLC, | No. C 10-03271 SI |
| Plaintiff, | **ORDER REMANDING CASE TO SUPERIOR COURT FOR THE COUNTY OF ALAMEDA** |
| v. | |
| CHANTAINE FAUNTLEROY AND LEON FAUNTLEROY JR., | |
| Defendants. / | |

On July 26, 2010, *pro se* defendant Leon Fauntleroy Jr. removed this unlawful detainer action from state court.[1] On the same day, defendant also filed a Chapter 13 bankruptcy petition. *See* Bankr. N.D. Cal. Case No.10-48432. On August 19, 2010, plaintiff moved to remand this action to state court, arguing that defendant's notice of removal was untimely and that this Court lacks subject matter jurisdiction over the removed complaint. On September 10, 2010, defendant filed an application for a temporary restraining order ("TRO"), seeking to enjoin plaintiff's efforts to evict him pursuant to the unlawful detainer action. Through the TRO, defendant also asks this Court to stay the September 10, 2010 ruling of the Bankruptcy Court which granted relief from the bankruptcy stay with respect to the property at issue in the unlawful detainer action.

In reviewing the TRO request, the Court looks to the substance of the complaint and the appropriateness of the removal to this Court. Having done so, for the reasons discussed below, the Court *sua sponte* finds that defendant's notice of removal was untimely and that this Court lacks subject

---

[1] Both Leon Fauntleroy Jr. and Chantaine Fauntleroy were named as defendants in the underlying unlawful detainer case in Alameda County. Only Leon Fauntleroy Jr., however, removed the action to this Court.

matter jurisdiction over the unlawful detainer action. Also, if plaintiff wishes to appeal the September 10, 2010 ruling of the Bankruptcy Court, he cannot do so in this action, but must exhaust his remedies in the Bankruptcy Court and its appellate options.

As an initial matter, plaintiff argues that Mr. Fauntleroy's removal was untimely. Plaintiff has submitted the declaration of Tyneia Merritt, which states that Mr. Fauntleroy was served with the unlawful detainer complaint and summons on May 25, 2010 by a process server. Merritt Decl. ¶ 5, Ex. 102. Mr. Fauntleroy filed the notice of removal on July 26, 2010, more than 30 days after service of summons and the complaint. Thus, the removal was untimely under 28 U.S.C. § 1446(b). "[A] timely objection to a late petition will defeat removal . . . ." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam).

In addition to being procedurally defective, the removal is substantively defective in that there is no basis for jurisdiction. There are no federal claims alleged in the lawsuit. The notice of removal states that removal is based on 28 U.S.C. § 1334. This statute relates to bankruptcy actions, and provides that "district courts shall have original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b).

However, bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint. *See Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule); *Yangming Marine Transport Corp. v. Electri-Flex Co.*, 682 F. Supp. 368, 370 (N.D. Ill. 1987) (applying rule to removal based on bankruptcy removal). Here, there is nothing from the face of the unlawful detainer complaint to confer bankruptcy removal jurisdiction, and thus removal on this ground was improper. *See id.*

The notice of removal also states that removal is based on U.S.C. § 1441. However, where there is no federal question jurisdiction, an action is not removable on the basis of diversity of citizenship if the defendant is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b). Here, defendant is a California resident, and thus removal under 28 U.S.C. § 1441 is improper.

Finally, the notice of removal states that removal is based "in the alternative," on 28 U.S.C. §

2

1443. That section provides,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Removal under Section 1443 has been construed very narrowly, and there is nothing in this record that would support removal on this ground. *See City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 827-28 (1966) ("It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

Accordingly, the Court concludes both that removal was untimely and that there is no basis for jurisdiction and this matter must be remanded to state court.

With respect to defendant's request that this Court stay the September 10, 2010 Order of the Bankruptcy Court granting relief from the bankruptcy stay with respect to defendant's interest in the property subject to the unlawful detainer action, the relief sought cannot be granted in this unrelated action. Instead, defendant must exhaust his remedies for review of that Order in Bankruptcy Court and appeal directly to either the District Court or the Bankruptcy Appellate Panel. *See, e.g.*, Federal Rule of Bankruptcy Procedure 8001.

///

///

For the foregoing reasons, the Court REMANDS this action to the Superior Court for the County of Alameda. All pending motions are DENIED AS MOOT. Plaintiff's request for attorneys' fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: September 14, 2010

SUSAN ILLSTON
United States District Judge